**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CITIZENS INSURANCE COMPANY of AMERICA, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No.: |
| COOLER SCREENS, INC.; REBECCA ROBERTS, individually and on behalf of all others similarly situated; and REBECCA WHITE and KRISTEN YUKNA, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Citizens Insurance Company of America ("Citizens"), by and though its counsel of record, and for its Complaint against Defendants Cooler Screens, Inc. ("Cooler Screens"); Rebecca Roberts, individually and on behalf of all others similarly situated ("Roberts"); and Rebecca White and Kristen Yunka, individually and on behalf of all others similarly situated ("White" and "Yunka"), states as follows:

## INTRODUCTION

1.     This is an insurance coverage dispute between Citizens and Cooler Screens. Citizens issued Business Owners Policies to Cooler Screens that contain an Employment Practices Liability Coverage Part, a General Liability Coverage Part, and an Umbrella Liability Coverage Part. In this action, Citizens seeks a declaration that it has no duty to defend or indemnify Cooler Screens under the Policies in connection with two underlying putative class action suits captioned, *Rebecca Roberts v. Cooler Screens, Inc.,* bearing Case No. 22 CH 01824,

1

filed in the Circuit Court of Cook County, Illinois, and *Rebecca White, et. al v. Cooler Screens, Inc.,* bearing Case No. 22 CH 05810, filed in the Circuit Court of Cook County, Illinois.

## PARTIES, JURISDICTION AND VENUE

2.      Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1).

3.      Plaintiff, Citizens, is a corporation organized under the laws of the State of Michigan, with its principal place of business in Worcester, Massachusetts.

4.      Defendant, Cooler Screens is a corporation organized under the laws of the State of Delaware, with its principal place of business in Cook County, Illinois.

5.      Defendant, Roberts, is a citizen of the State of Illinois. Roberts is joined in this suit as a nominal party defendant.

6.      Defendant, White, is a citizen of the State of Illinois. White is joined in this suit as a nominal party defendant.

7.      Defendant, Yunka, is a citizen of the State of Illinois. Yunka is joined in this suit as a nominal party defendant.

8.      The Roberts Lawsuit and White Lawsuit for which Cooler Screens seeks a defense and indemnity are putative class actions. The General Liability Coverage Part in the Citizens Policies have Limits of Liability of $2 million for Personal and Advertising Injury, $4 million in the General Aggregate. The Employment Practices Liability Endorsement has a Limit of Liability of $25,000 for all "loss". The Policies also contain an Umbrella Liability Coverage Part with Limits of Liability of $1 million Each Occurrence and $1 million General Aggregate.

9. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff Citizens and all Defendants, and (b) the amount in controversy, including the potential costs of both defending and indemnifying Cooler Screens, substantially exceeds $75,000.

10. Venue is appropriate under 28 U.S.C. § 1391 because the making of the insurance contracts at issue, which forms the basis of this action, occurred in the Northern District of Illinois.

## FACTUAL BACKGROUND

### A. The Policies

11. Citizens issued the following Business Owners Policies to Cooler Screens, Inc.:

No. OBC-H332709-00, effective 7/31/2020 to 7/31/2021;

No. OBC-H332709-01, effective 7/31/2021 to 7/31/2022;

(collectively referred to herein as the "Policies"). A true and correct copy of the Policies are attached hereto as **Exhibits A** and **B,** respectively.

### B. The Roberts Lawsuit

12. On March 3, 2022, Rebecca Roberts, individually and on behalf of all other similarly situated, filed a putative class action in the Circuit Court of Cook County, Illinois, bearing Case No. 22 CH 01824, against Cooler Screens, Inc. ("Cooler") (the "Roberts Lawsuit"). A true and correct copy of the Complaint filed in the Roberts Lawsuit is attached hereto as **Exhibit C**.

13. The Complaint alleges that Cooler Screen developed the Smart Cooler, which are interactive digital displays replacing glass doors retail store aisles. In November of 2018, Illinois residents were allegedly exposed to Cooler Screen's Smart Cooler for the first time, as they began to be installed Walgreens locations. To a consumer unfamiliar with the Smart Cooler, it allegedly functions like a new-age television screen which displays advertisements for the items available for sale within the cooler.

3

14.     The Smart Cooler allegedly employs a "camera which feeds images of each customer into a computer that guesstimates  her sex and age. In addition, the system uses an iris tracker to detect exactly where the customer is looking." According to the Complaint, the cameras in the Smart Coolers are extremely subtle, such that most consumers would not realize it is monitoring and analyzing her person -  much less predicting which advertisements will most effectively influence her to purchase. The Complaint further alleges the  technology  monitors shoppers  using  its Customer  Detection  Hardware ("CDH") and interprets the data collected from them using a "facial profiling system," which can detect the age, gender, and emotional response[9] of over 3 million verified daily viewers. Cooler Screens also allegedly then works with advertisers to provide analytics of the type of advertising displayed and report back how well the advertisement transitioned a consumer to make an actual purchase.

15.     The Complaint alleges that in direct violation of the Illinois Biometric Information and Privacy Act ("BIPA"), Cooler Screens is actively collecting, capturing, storing, using, and profiting from the facial geometry  and associated  personally  identifying  information (including biometrics) of potentially tens of thousands of persons, without providing notice, obtaining informed written consent, or publishing data retention policies.

16.     According to the Complaint, Plaintiff often shops at the Walgreens on 1200 N Dearborn St in Chicago, Illinois. At some point during the last year, the traditional transparent glass doors on the refrigerators allegedly were replaced  with Cooler Screens' Smart Cooler. Since that time, Plaintiff alleges she has made frequent trips to this Walgreens and stepped in front of a Cooler Screens Smart Cooler where her biometrics were obtained by Cooler Screens without her consent.

17.     The proposed class is, "All individuals who are Illinois residents who had their biometrics collected, captured, received, or otherwise obtained, by Defendant in the State of Illinois during the statutory period."

18.     The Complaint contains three counts alleging various violations of Section 15(b) of BIPA. The Complaint seeks declaratory relief; statutory damages of $5,000.00 for each and every intentional and reckless violation of BIPA, or alternatively, statutory damages of $1,000.00 for each and every negligent violation of BIPA; injunctive and other equitable relief; reasonable attorneys' fees and costs and other litigation expenses; and pre and post-judgment interest.

**C.  The White Lawsuit**

19.     On June 16, 2022, Rebecca White and Kristen Yukna, individually and on behalf of all others similarly situated, filed a putative class action against Cooler Screens in the Circuit Court of Cook County, Illinois, bearing Case No. 22 CH 05810 (the "White Lawsuit"). A true and correct copy of the Complaint filed in the White Lawsuit is attached hereto as **Exhibit D.**

20.     The Complaint alleges Cooler Screens, the developer of "Smart Coolers" is A proprietary technology platform company that delivers a shopping experience with retail coolers that have IoT enabled screens that capture individual identification through biometric authentication. Cooler Screens allegedly achieves this accomplishment through employing a "camera which feeds images of each customer into a computer that guesstimates her sex and age. In addition, the system allegedly uses an iris tracker to detect exactly where the customer is looking."

21.     The Complaint alleges that while Cooler Screens acknowledges that its technology monitors shoppers using its Customer Detection Hardware ("CDH") and interprets the data

5

collection from them using a "facial Profiling system" which can detect an individual's "age, gender and emotional response," and acknowledges collecting the sensitive, private, and personal biometric data encompassed in an individual's facial scan, upon information and belief, Cooler Screens has failed –and continues to fail – to follow BIPA.

22.     The Complaint further alleges  Cooler Screens violates Illinois individuals' statutorily protected privacy rights and unlawfully collects, stores, and uses those individuals' biometric data in violation of BIPA. In particular, Cooler Screens allegedly has violated and continues to violate BIPA because it did not and, upon information and belief, continues not to:

a. Properly inform Plaintiffs and others similarly situated in writing of the specific purpose and length of time for which their facial scans were being collected, stored, disseminated and used, as required by BIPA;

b. Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiffs' and other similarly-situated individuals' facial scans, as required by BIPA;

c. Receive a written release from Plaintiffs and others similarly situated to collect, store, disseminate or otherwise use their facial scans, as required by BIPA; and

d. Obtain a written release from Plaintiffs and others similarly situated to disclose, redisclose, or otherwise disseminate their biometric identifiers and/or biometric information to a third party as required by BIPA.

23.     Plaintiffs and the class are allegedly customers of many major retailers, which include Walgreens, CVS, Kroger and Walmart, who, upon information and belief, utilizes Cooler Screen's Smart Coolers for its identification verification of customer's sex, age and emotional responses, through biometric authentication. The proposed class includes, "All Illinois residents

who directly or indirectly used Cooler Screens' biometric authentication products and subsequently had his or her face captured, collected, stored, or otherwise obtained by Cooler Screens' during the applicable statutory period."

24.     The Complaint contains three counts alleging violations of Section 15(a), (b) and (d) of BIPA. The Complaint seeks declaratory relief; statutory damages of $5,000.00 for each and every intentional and reckless violation of BIPA, or alternatively, statutory damages of $1,000.00 for each and every negligent violation of BIPA; injunctive and other equitable relief; reasonable attorneys' fees and costs and other litigation expenses; and pre and post-judgment interest.

25.     Cooler Screens has requested coverage from Citizens for the Roberts Lawsuit and the White Lawsuit. Citizens contends it has no obligation to defend or indemnify Cooler Screens against the Roberts Lawsuit or the White Lawsuit. Accordingly, an actual controversy exists between Citizens, on the one hand, and Cooler Screens, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

## COUNT I – DECLARATORY JUDGMENT

### (Employment Practices Liability Coverage - Roberts Lawsuit)

26.     Plaintiff adopts and repeats the allegations of Paragraph 1 through 25 as and for Paragraph 26, as though the same were fully set forth herein.

27.     The Policies contain an Employment Practices Liability Endorsement, which provides:

**A. Insuring Agreement**
  1.   "We" shall pay those "losses" arising
       out of "your" "wrongful employment

7

act" against "your" "employees", to which this insurance applies. The "wrongful employment act" must commence or take place after the "original inception date", but before the end of the "EPL coverage period". A "claim" or "suit" for a "wrongful employment act" must be first made against "you" during the "EPL coverage period" or any Extended Reporting Period (if applicable) and reported to "us" pursuant to the terms of this EPL Coverage Endorsement.

2. A "claim" or "suit" by a person or organization seeking damages will be deemed to have been made at the earlier of the following times:

    a. When written notice of such "claim" or "suit" is received and recorded by any "insured" or by "us", whichever comes first; or

\*\*\*

28. The Endorsement contains the following pertinent definitions:

"Claim" means a written demand for money…

\*\*\*

"EPL coverage period" means the period commencing on the effective date shown in the Supplemental Declarations of this EPL Coverage Endorsement. This period ends on the earlier of the expiration date or the effective date of cancellation of this EPL Coverage Endorsement.

\*\*\*

"Wrongful Employment Act(s)" means any actual or alleged:

\*\*\*

6. employment-related libel, slander, humiliation, mental anguish, infliction of emotional distress, defamation, or invasion of privacy;

\*\*\*

29. The EPL Endorsement applies to "claims" first made during the "EPL coverage period".

30.     The Roberts Lawsuit constitutes a "claim" and was first made when Cooler Screens was served, during the 2021-2022 "EPL coverage period".

31.     The EPL Endorsement in the 2020 Policy, therefore, does not apply because the "claim" was first made after the expiration of the 2020-2021 "EPL coverage period".

32.     Additionally, the named plaintiff  in the Roberts Lawsuit is a customer of stores that utilize Cooler Screens' technology, not an employee of Cooler Screens. The alleged BIPA violations involve cooler screens that target customers of stores utilizing the insured's product. The alleged violations, therefore, are not employment-related.

33.     Accordingly, the Roberts Lawsuit does not allege a "wrongful employment act", and the EPL Endorsement in the Policies does not provide coverage for the Roberts Lawsuit.

34.     The EPL Endorsement in the 2020 and 2021 Policies, therefore, does not actually or potentially provide coverage for the Roberts Lawsuit.

35.     As a result, Citizens has no defense or indemnity obligation for the Roberts Lawsuit under the EPL Endorsement in the 2020 and 2021 Policies.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare the following:

(a) That Citizens has no duty to defend or indemnify Cooler Screens in connection with the Roberts Lawsuit;

(b) That Citizens has no duty to defend or indemnify Cooler Screens in connection with the White Lawsuit;

(c) And for such other relief as the Court deems just.

## COUNT II– DECLARATORY JUDGMENT

**(Employment Practices Liability Coverage - White Lawsuit)**

36.     Plaintiff adopts and repeats the allegations of Paragraph 1 through 25 as and for Paragraph 36, as though the same were fully set forth herein.

37.     The Policies contain an Employment Practices Liability Endorsement, which provides:

**A.  Insuring Agreement**

3.  "We" shall pay those "losses" arising out of "your" "wrongful employment act" against "your" "employees", to which this insurance applies. The "wrongful employment act" must commence or take place after the "original inception date", but before the end of the "EPL coverage period". A "claim" or "suit" for a "wrongful employment act" must be first made against "you" during the "EPL coverage period" or any Extended Reporting Period (if applicable) and reported to "us" pursuant to the terms of this EPL Coverage Endorsement.

4.  A "claim" or "suit" by a person or organization seeking damages will be deemed to have been made at the earlier of the following times:

a.  When written notice of such "claim" or "suit" is received and recorded by any "insured" or by "us", whichever comes first; or

\*\*\*

38.     The Endorsement contains the following pertinent definitions:

"Claim" means a written demand for money…

\*\*\*

"EPL coverage period" means the period commencing on the effective date shown in the Supplemental Declarations of this EPL Coverage Endorsement. This period ends on the earlier of the expiration date or the effective date of cancellation of this EPL Coverage Endorsement.

***

"Wrongful Employment Act(s)" means any actual or alleged:
***

7.  employment-related libel, slander, humiliation, mental anguish, infliction of emotional distress, defamation, or invasion of privacy;
***

39.     The EPL Endorsement applies to "claims" first made during the "EPL coverage period".

40.     The White Lawsuit constitutes a "claim" and was first made when Cooler Screens was served, during the 2021-2022 "EPL coverage period".

41.     The EPL Endorsement in the 2020 Policy, therefore, does not apply because the "claim" was first made after the expiration of the 2020-2021 "EPL coverage period".

42.     Additionally, the named plaintiffs in the White Lawsuit are customers of the stores that utilize Cooler Screens' technology, not employees of Cooler Screens. The alleged BIPA violations involve cooler screens that target customers of stores utilizing the insured's product. The alleged violations, therefore, are not employment-related.

43.     Accordingly, the White Lawsuit does not allege a "wrongful employment act", and the EPL Endorsement in the Policies does not provide coverage for the White Lawsuit.

44.     The EPL Endorsement in the 2020 and 2021 Policies, therefore, does not actually or potentially provide coverage for the White Lawsuit.

45.     As a result, Citizens has no defense or indemnity obligation for the White Lawsuit under the EPL Endorsement in the 2020 and 2021 Policies.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare the following:

(a) That Citizens has no duty to defend or indemnify Cooler Screens in connection with the Roberts Lawsuit;

(b) That Citizens has no duty to defend or indemnify Cooler Screens in connection with the White Lawsuit;

(c) And for such other relief as the Court deems just.

## COUNT III– DECLARATORY JUDGMENT

**(General Liability Coverage – Distribution of Material Exclusion – Roberts Lawsuit)**

46.     Plaintiff adopts and repeats the allegations of Paragraph 1 through 25 as and for Paragraph 46, as though the same were fully set forth herein.

47.     The Citizens Policies contain a the following Exclusion:

q. Distribution Of Material In Violation Of Statutes

"Bodily injury", "property damage", or "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

(1) The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

(2) The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

(3) The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or

(4) Any other laws, statutes, ordinances, or regulations that address, prohibit, or limit the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

48.     The Robert Complaint alleges that Cooler Screens violated BIPA, a state statute, that addresses the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

49.     Thus, any "personal and advertising injury" arises directly or indirectly out of any action or omission that violates or is alleged to violate any other laws, statutes, ordinances, or regulations that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

50.     Therefore, the Distribution Of Material In Violation Of Statutes Exclusion precludes coverage for the Robert Lawsuit under the General Liability Coverage Part of the Policies.

51.     The General Liability Coverage Part of the Citizens Policies consequently does not actually or potentially provide coverage for the Roberts Lawsuit.

52.     As a result, Citizens has no duty to defend or indemnify Cooler Screens against the Roberts Lawsuit.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare the following:

(a) That Citizens has no duty to defend or indemnify Cooler Screens in connection with the Roberts Lawsuit;

(b) That Citizens has no duty to defend or indemnify Cooler Screens in connection with the White Lawsuit;

(c) And for such other relief as the Court deems just.

## COUNT IV– DECLARATORY JUDGMENT

**(General Liability Coverage – Distribution of Material Exclusion – White Lawsuit)**

53.     Plaintiff adopts and repeats the allegations of Paragraph 1 through 25 as and for Paragraph 46, as though the same were fully set forth herein.

54.     The Citizens Policies contain a the following Exclusion:

q. Distribution Of Material In Violation Of Statutes

13

"Bodily injury", "property damage", or "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

(1) The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

(2) The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

(3) The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or

(4) Any other laws, statutes, ordinances, or regulations that address, prohibit, or limit the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

55.     The White Complaint alleges that Cooler Screens violated BIPA, a state statute, that addresses the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

56.     Thus, any "personal and advertising injury" arises directly or indirectly out of any action or omission that violates or is alleged to violate any other laws, statutes, ordinances, or regulations that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

57.      Therefore, the Distribution Of Material In Violation Of Statutes Exclusion precludes coverage for the White Lawsuit under the General Liability Coverage Part of the Policies.

58.     The General Liability Coverage Part of the Citizens Policies consequently does not actually or potentially provide coverage for the White Lawsuit.

59.     As a result, Citizens has no duty to defend or indemnify Cooler Screens against the White Lawsuit.

14

## COUNT V– DECLARATORY JUDGMENT

**(General Liability Coverage – Access or Disclosure of Personal Information Exclusion – Roberts Lawsuit)**

60.     Plaintiff adopts and repeats the allegations of Paragraph 1 through 25 as and for Paragraph 60, as though the same were fully set forth herein.

61.     The Policies contain an Access or Disclosure of Confidential or Personal Information and Data Related Liability Exclusion, which states:

This insurance does not apply to:

**r. Access Or Disclosure Of Confidential Or Personal Information**

Damages arising out of:

(1) Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

\*\*\*

62.     The Roberts Complaint alleges that Cooler Screens collects claimants' biometric identifiers and information through facial and iris scans in violation of BIPA.

63.      Biometric information and identifiers are personal information.

64.     Therefore, any "personal and advertising injury" arises out of access to or disclosure of any person's confidential or personal non-public information, and coverage for the Roberts Lawsuit is precluded under the General Liability Coverage Part of the Policies pursuant to the Access or Disclosure of Confidential or Personal Information Exclusion.

65.     The General Liability Coverage Part of the Citizens Policies does not actually or potentially provide coverage for the Roberts Lawsuit.

15

66.     Accordingly, Citizens has no duty to defend or indemnify Cooler Screens for the Roberts Lawsuit under the General Liability Coverage Part of the Citizens Policies.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare the following:

(a) That Citizens has no duty to defend or indemnify Cooler Screens in connection with the Roberts Lawsuit;

(b) That Citizens has no duty to defend or indemnify Cooler Screens in connection with the White Lawsuit;

(c) And for such other relief as the Court deems just.

## COUNT VI– DECLARATORY JUDGMENT

**(General Liability Coverage – Access or Disclosure of Personal Information Exclusion – White Lawsuit)**

67.     Plaintiff adopts and repeats the allegations of Paragraph 1 through 25 as and for Paragraph 67, as though the same were fully set forth herein.

68.     The Policies contain an Access or Disclosure of Confidential or Personal Information and Data Related Liability Exclusion, which states:

This insurance does not apply to:

**r. Access Or Disclosure Of Confidential Or Personal Information**

Damages arising out of:

(1) Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

***

69.     The White Complaint alleges that Cooler Screens collects the claimants' biometric identifiers and information through facial and iris scans in violation of BIPA.

16

70.    Biometric information and identifiers are personal information.

71.    Therefore, any "personal and advertising injury" arises out of access to or disclosure of any person's confidential or personal non-public information, and coverage for the White Lawsuit is precluded under the General Liability Coverage Part of the Policies pursuant to the Access or Disclosure of Confidential or Personal Information Exclusion.

72.    The General Liability Coverage Part of the Citizens Policies does not actually or potentially provide coverage for the White Lawsuit.

73.    Accordingly, Citizens has no duty to defend or indemnify Cooler Screens for the White Lawsuit under the General Liability Coverage Part of the Citizens Policies.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare the following:

(a) That Citizens has no duty to defend or indemnify Cooler Screens in connection with the Roberts Lawsuit;

(b) That Citizens has no duty to defend or indemnify Cooler Screens in connection with the White Lawsuit;

(c) And for such other relief as the Court deems just.

## COUNT VII– DECLARATORY JUDGMENT

**(Umbrella Liability Coverage – Insuring Agreement – Roberts Lawsuit)**

74.    Plaintiff adopts and repeats the allegations of Paragraph 1 through 25 as and for Paragraph 74, as though the same were fully set forth herein.

75.    The Insuring Agreement in the Umbrella Coverage Part of the Policies provides:

**COVERAGE B - PERSONAL AND
ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

**a.** We will pay on behalf of the insured the "ulti-mate net loss" in excess of the "retained lim-it" because of "personal and advertising in- jury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "personal and advertising injury" when the "underlying insurance" does not provide cov-erage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the in-sured against any other "suit" seeking dam- ages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.

\*\*\*

76.     The General Liability Coverage Part of the Policies is included in the Schedule of Underlying Insurance in the Umbrella Liability Coverage Part of the Policies, and therefore, is "underlying insurance".

77.     Accordingly, if the General Liability Coverage Part of the Policies provides coverage for the Roberts Lawsuit, the Umbrella Insuring Agreement does not provide coverage until the General Liability Coverage Limit of Liability is exhausted.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare the following:

(a) That Citizens has no duty to defend or indemnify Cooler Screens in connection with the Roberts Lawsuit;

(b) That Citizens has no duty to defend or indemnify Cooler Screens in connection with the White Lawsuit;

18

(c) And for such other relief as the Court deems just.

## COUNT VIII– DECLARATORY JUDGMENT

### (Umbrella Liability Coverage – Insuring Agreement – White Lawsuit)

78.     Plaintiff adopts and repeats the allegations of Paragraph 1 through 25 as and for

Paragraph 78, as though the same were fully set forth herein.

79.     The Insuring Agreement in the Umbrella Coverage Part of the Policies provides:

**COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

   **a.** We will pay on behalf of the insured the "ulti-mate net loss" in excess of the "retained lim-it" because of "personal and advertising in- jury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "personal and advertising injury" when the "underlying insurance" does not provide cov-erage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the in-sured against any other "suit" seeking dam- ages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.

                    \*\*\*

80.     The General Liability Coverage Part of the Policies is included in the Schedule of

Underlying Insurance in the Umbrella Liability Coverage Part of the Policies, and therefore, is

"underlying insurance".

81. Accordingly, if the General Liability Coverage Part of the Policies provides coverage for the White Lawsuit, the Umbrella Insuring Agreement does not provide coverage until the General Liability Coverage Limit of Liability is exhausted.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare the following:

(a) That Citizens has no duty to defend or indemnify Cooler Screens in connection with the Roberts Lawsuit;

(b) That Citizens has no duty to defend or indemnify Cooler Screens in connection with the White Lawsuit;

(c) And for such other relief as the Court deems just.

## <u>COUNT IX– DECLARATORY JUDGMENT</u>

**(Umbrella Liability Coverage – Access or Disclosure of Confidential or Personal Information Exclusion– Roberts Lawsuit)**

82. Plaintiff adopts and repeats the allegations of Paragraph 1 through 25 as and for Paragraph 82, as though the same were fully set forth herein.

83. The Umbrella Liability Coverage Part of the Policies contains the following Access or Disclosure of Confidential or Personal Information and Data Related Liability Exclusion, which states:

This insurance does not apply to:

**Access Or Disclosure Of Confidential Or Personal Information**

Damages arising out of:

(1) Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.
***

20

84. The Roberts Complaint alleges that Cooler Screens collects claimants' biometric identifiers and information through facial and iris scans in violation of BIPA.

85. Biometric identifiers and information are personal information.

86. Therefore, any "personal and advertising injury" arises out of access to or disclosure of any person's confidential or personal non-public information, and coverage for the Roberts suit is precluded under the Umbrella Coverage Part of the Policies pursuant to the Access or Disclosure of Confidential or Personal Information Exclusion.

87. The General Liability Coverage Part of the Citizens Policies does not actually or potentially provide coverage for the Robert Lawsuit.

88. Accordingly, Citizens has no duty to defend or indemnify Cooler Screens for the Roberts Lawsuit under the General Liability Coverage Part of the Citizens Policies.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare the following:

(a) That Citizens has no duty to defend or indemnify Cooler Screens in connection with the Roberts Lawsuit;

(b) That Citizens has no duty to defend or indemnify Cooler Screens in connection with the White Lawsuit;

(c) And for such other relief as the Court deems just.

## COUNT X– DECLARATORY JUDGMENT

**(Umbrella Liability Coverage – Access or Disclosure of Confidential or Personal Information Exclusion– White Lawsuit)**

89. Plaintiff adopts and repeats the allegations of Paragraph 1 through 25 as and for Paragraph 89, as though the same were fully set forth herein.

90.     The Umbrella Liability Coverage Part of the Policies contains the following Access or Disclosure of Confidential or Personal Information and Data Related Liability Exclusion, which states:

This insurance does not apply to:

**Access Or Disclosure Of Confidential Or Personal Information**

Damages arising out of:

> (1) Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

***

91.     The White Complaint alleges that Cooler Screens collects claimants' biometric identifiers and information through facial and iris scans in violation of BIPA.

92.     Biometric identifiers and information are personal information.

93.     Therefore, any "personal and advertising injury" arises out of access to or disclosure of any person's confidential or personal non-public information, and coverage for the White suit is precluded under the Umbrella Coverage Part of the Policies pursuant to the Access or Disclosure of Confidential or Personal Information Exclusion.

94.     The General Liability Coverage Part of the Citizens Policies does not actually or potentially provide coverage for the White Lawsuit.

95.     Accordingly, Citizens has no duty to defend or indemnify Cooler Screens for the White Lawsuit under the General Liability Coverage Part of the Citizens Policies.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare the following:

(a) That Citizens has no duty to defend or indemnify Cooler Screens in connection with the Roberts Lawsuit;

(b) That Citizens has no duty to defend or indemnify Cooler Screens in connection with the White Lawsuit;

(c) And for such other relief as the Court deems just.

## COUNT XI– DECLARATORY JUDGMENT

**(Umbrella Liability Coverage – Recording and Distribution of Material Exclusion– Roberts Lawsuit)**

96.     Plaintiff adopts and repeats the allegations of Paragraph 1 through 25 as and for Paragraph 96, as though the same were fully set forth herein.

97.     The Umbrella Liability Coverage Part of the Policies contains a Recording And Distribution Of Material Or Information In Violation Of Law Exclusion, which excludes coverage for:

> "Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

> **(1)**     The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

> **(2)**     The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

> **(3)**     The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or

> **(4)**     Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

98.     The Roberts Complaint alleges that Cooler Screens violated BIPA, a state statute, that addresses the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

99.     Thus, any "personal and advertising injury" arises directly or indirectly out of any action or omission that violates or is alleged to violate any other laws, statutes, ordinances, or regulations that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

100.     Therefore, the Recording and Distribution Of Material or Information In Violation Of Law Exclusion precludes coverage for the Roberts Lawsuit under the Umbrella Liability Coverage Part of the Policies.

101.     The Umbrella Liability Coverage Part of the Citizens Policies consequently does not actually or potentially provide coverage for the Roberts Lawsuit.

102.     As a result, Citizens has no duty to defend or indemnify Cooler Screens against the Roberts Lawsuit.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare the following:

(a) That Citizens has no duty to defend or indemnify Cooler Screens in connection with the Roberts Lawsuit;

(b) That Citizens has no duty to defend or indemnify Cooler Screens in connection with the White Lawsuit;

(c) And for such other relief as the Court deems just.

## COUNT XII– DECLARATORY JUDGMENT

**(Umbrella Liability Coverage – Recording and Distribution of Material Exclusion–White Lawsuit)**

103.     Plaintiff adopts and repeats the allegations of Paragraph 1 through 25 as and for Paragraph 103, as though the same were fully set forth herein.

104.     The Umbrella Liability Coverage Part of the Policies contains a Recording And Distribution Of Material Or Information In Violation Of Law Exclusion, which excludes coverage for:

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**(1)**     The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**(2)**     The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

**(3)**     The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or

**(4)**     Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

105.     The White Complaint alleges that Cooler Screens violated BIPA, a state statute, that addresses the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

106.     Thus, any "personal and advertising injury" arises directly or indirectly out of any action or omission that violates or is alleged to violate any other laws, statutes, ordinances, or regulations that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

107.      Therefore, the Recording and Distribution Of Material or Information In Violation Of Law Exclusion precludes coverage for the White Lawsuit under the Umbrella Liability Coverage Part of the Policies.

108.     The Umbrella Liability Coverage Part of the Citizens Policies consequently does not actually or potentially provide coverage for the White Lawsuit.

109. As a result, Citizens has no duty to defend or indemnify Cooler Screens against the White Lawsuit.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare the following:

(a) That Citizens has no duty to defend or indemnify Cooler Screens in connection with the Roberts Lawsuit;

(b) That Citizens has no duty to defend or indemnify Cooler Screens in connection with the White Lawsuit;

(c) And for such other relief as the Court deems just.

Respectfully submitted,

Citizens Insurance Company of America

By: /s/ Kelly M. Ognibene
     One of their Attorneys

Jeffrey A. Goldwater, Esq. (ARDC #6189014)
Kelly Ognibene, Esq. (ARDC #6297327)
Lewis Brisbois Bisgaard & Smith, LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
312-345-1718
Jeffrey.Goldwater@lewisbrisbois.com
Kelly.Ognibene@lewisbrisbois.com